RE: DOES TITLE 74 O.S. 4201(4) (1989), LIMIT THE AUTHORITY OF THE COUNCIL TO REFER VIOLATIONS OF 4246 OF THE SAME TITLE TO THE "APPROPRIATE AUTHORITY" FOR ACTION?
YOUR LETTER OF JANUARY 11, 1990, REQUESTING AN ATTORNEY GENERAL OPINION HAS BEEN REFERRED TO ME FOR RESPONSE. IT HAS BEEN DETERMINED THAT THE QUESTION CAN BE ANSWERED ON THE BASIS OF EXISTING LAW; THEREFORE, A FORMAL ATTORNEY GENERAL OPINION IS NOT NEEDED.
YOUR QUESTION IMPLICATES THREE STATE STATUTES WITHIN THE SAME ACT AND THEIR HARMONIOUS OPERATION AND APPLICATION. FIRST, 74 O.S. 4246 (1989) DELINEATES PROHIBITED ACTS BY A LEGISLATOR. 74 O.S. 4247 OF THE SAME TITLE PROVIDES THE PENALTY FOR THE FAILURE OF A LEGISLATOR TO COMPLY WITH 4246, WHICH IS AS FOLLOWS:
 THE FAILURE OF A LEGISLATOR TO COMPLY WITH SECTION (4246) HEREOF SHALL CONSTITUTE A WILLFUL NEGLECT OF DUTY AND GROUNDS FOR PRIVATE OR PUBLIC REPRIMAND, CENSORING OR REMOVAL FROM OFFICE.
AT THE BEGINNING OF THE SAME TITLE 74 O.S. 4201(4) EXPRESSES THE LEGISLATURE'S INTENT THAT "REFERRALS NOT BE MADE TO THE APPROPRIATE AUTHORITIES FOR PROSECUTION EXCEPT IN CASES OF KNOWING AND WILLFUL VIOLATIONS OF THIS ACT WHICH CARRY A CRIMINAL PENALTY." (EMPHASIS ADDED) SINCE 4247 DOES NOT PROVIDE A CRIMINAL PENALTY FOR VIOLATIONS OF THE OKLAHOMA CAMPAIGN COMPLIANCE AND ETHICAL STANDARDS ACT, 74 O.S. 4201 (1989) ET SEQ., IS THE COUNCIL PRECLUDED FROM REFERRING A LEGISLATOR'S IMPROPER ACTIONS THE "APPROPRIATE AUTHORITY"?
IT IS MY CONCLUSION THAT IT: 74 O.S. 4207 OF THE SAME TITLE PROVIDES THE PROCEDURE FOR PROCESSING COMPLAINTS FILED UNDER THE ACT. AT THE CONCLUSION OF FINAL DELIBERATIONS, THE COUNCIL IS DIRECTED TO PERFORM ONE OF THREE OPTIONS. THE THIRD OPTION IS AS FOLLOWS:
 3. REFER THE COMPLAINT AND ALL MATERIAL GATHERED BY THE COUNCIL CONCERNING THE ALLEGED VIOLATION TO THE APPROPRIATE AUTHORITY FOR PROSECUTION OR ACTION; . . . (EMPHASIS ADDED)
AS USED IN THIS SECTION, "APPROPRIATE AUTHORITY" MEANS THE DISTRICT ATTORNEY OF THE COUNTY IN WHICH THE VIOLATION OCCURRED; PROVIDED, FOR SECTION 4246 OF THIS TITLE, "APPROPRIATE AUTHORITY" MEANS THE APPROPRIATE HOUSE OF THE LEGISLATURE PURSUANT TO ARTICLE V, SECTION 30 OF THE OKLAHOMA CONSTITUTION. 74 O.S. 4207(K)(3) (1989).
VIOLATIONS OF A SPECIFIC PORTION OF THE STATUTE BY A LEGISLATOR, 74 O.S. 4246, ARE NOT PUNISHABLE UNDER THE ACT BY PROSECUTION WITH A RESULTING CRIMINAL PENALTY. HOWEVER, VIOLATIONS OF 4246 ARE REFERRED TO THE APPROPRIATE AUTHORITY, OR HOUSE OF THE LEGISLATURE, FOR ACTION. UNDER THE OKLAHOMA CONSTITUTION, EACH HOUSE OF THE LEGISLATURE IS AUTHORIZED TO JUDGE THE QUALIFICATIONS OF ITS OWN MEMBERS, DETERMINE THE RULES OF PROCEEDINGS, PUNISH ITS MEMBERS FOR DISORDERLY BEHAVIOR, AND EXPEL A MEMBER. ARTICLE V, SECTION 30
SINCE 74 O.S. 4207 MAKES A DISTINCTION BETWEEN "PROSECUTION" AND "ACTION" IT IS CLEAR THAT THE LEGISLATURE INTENDED TO ALLOW ACTION TO BE TAKEN BY THE APPROPRIATE AUTHORITY IN THE EVENT OF VIOLATIONS OF 4246.
IT IS UNNECESSARY TO APPLY RULES OF CONSTRUCTION TO DISCERN LEGISLATIVE INTENT IF THE WILL IS CLEARLY EXPRESSED IN THE STATUTE FULLER V. ODOM, 741 P.2D 449, 452 (OKL. 1987). THE PRIMARY GOAL OF STATUTORY CONSTRUCTION IS TO ASCERTAIN AND FOLLOW THE INTENTION OF THE LEGISLATURE. LEDBETTER V. OKLA. ALCOHOLIC BEVERAGE LAW ENFORCEMENT COM'N, 764 P.2D 172 (OKL. 1988). A STATUTE MUST BE CONSTRUED IN A REASONABLE AND SENSIBLE MANNER AND IN A MANNER WHICH AVOIDS AN ABSURD CONSEQUENCE. BERRY V. STATE EX REL. OKLA. PUBLIC EMPLOYEES RETIREMENT SYSTEM, 768 P.2D 898, 901 (OKL. 1989). FURTHER, PROVISIONS IN THE SAME STATUTORY SCHEME SHOULD BE GIVEN CONSTRUCTION WHICH WILL RESULT IN HARMONIZING THE PROVISIONS AND GIVING REASONABLE EFFECT TO BOTH SECTIONS WITHOUT DOING VIOLENCE TO EITHER. ROACH V. ATLAS LIFE INS. CO., 769 P.2D 158, 163 (OKL. 1989).
THE LEGISLATIVE INTENT IS CLEARLY EXPRESSED IN 4201(4) AND IS LIMITED ONLY TO PROSECUTIONS WITH CORRESPONDING CRIMINAL PENALTIES. SINCE THE PENALTIES PROVIDED FOR VIOLATION OF 4246 ARE NOT CRIMINAL, THE COUNCIL IS NOT PRECLUDED FROM REFERRING A VIOLATION TO THE APPROPRIATE HOUSE OF THE LEGISLATURE FOR ACTION
SUCH AN INTERPRETATION GIVES HARMONIOUS CONSTRUCTION TO ALL OF THE STATUTORY PROVISIONS WITHIN THE SAME ACT.
THUS, WHERE THE COUNCIL FINDS A VIOLATION OF 4246, REFERRAL TO THE APPROPRIATE AUTHORITY FOR ACTION UNDER 74 O.S. 4207 IS NOT PRECLUDED BY 74 O.S. 4201.
PLEASE KEEP IN MIND THAT THIS RESPONSE CAN ONLY BE CONSIDERED THE OPINION OF THE WRITER AND DOES NOT HAVE THE FORCE AND EFFECT OF AN OFFICIAL ATTORNEY GENERAL OPINION. PLEASE CONTACT ME IF I CAN BE OF FURTHER ASSISTANCE ON THIS OR ANY OTHER MATTER.
(ELIZABETH J. BRADFORD)